## THE STATE OF INDIANA VS. JACOB HEBEL.

1. *Indictment against a Public Offices for a Defalcation.*—Such an indictment must allege that the official term of the officer had expired at the time demand was made upon him by his successor in office, for moneys actually or constructively in his hands, and that he had then fraudulently failed or refused to account therefor, and pay over the amount so held. What is required to be proved on the trial must be charged in the indictment.

Filed March 29, 1881.

Appeal from Cass.

Opinion of the court by Mr. Chief Justice Niblack.

This was a criminal prosecution against Jacob Hebel, late County Treasurer of Cass County, for an alleged defalcation in failing to pay over certain moneys to his successor in office.

On the defendant's motion the indictment was quashed and he was discharged.

The State has appealed and raises the question of the sufficiency of the indictment. The enactment contained two counts.

The first count was as follows:

"The Grand Jurors of Cass County, in the State of Indiana, on their oath, present that, on the 13th day of October, 1874, Jacob Hebel was duly elected according to law, to the office of Treasurer of said county of Cass, and was thereafter duly qualified and entered upon the duties of said office, and in his official capacity received the sum of sixteen thousand eight hundred and thirty-four dollars and forty-five cents (16,834.45,) consisting of United States treasury notes and national bank bills and notes, all of United States Currency, of the value of sixteen thousand eight hundred and thirty-four dollars and forty-five cents, and of the personal property of the said county of Cass; that on the 10th day of October, 1876, William T. S. Manly was duly elected according to law, as the successor in office of the said Jacob Hebel, to the office of Treasurer of said county of Cass; that the said Manly was thereafter duly commissioned to hold and exercise said office, and was thereafter duly qualified for said office, by taking the official oath, and filing his bond with approved securities; that said Manly thereafter entered and took possession of his said office, and that he then and

there, on, or about the 1st day of October, 1877, at the said county of Cass, demanded of the said Jacob Hebel, that he, the said Jacob Hebel, should pay over and deliver to him, the said William T. S. Manly the said sixteen . thousand eight hundred and thirty-four dollars and forty-five cents, then and there in the possession of the said Hebel, having been secured by him in his official capacity as aforesaid, and that the said ˙Jacob Hebel did, then and there, unlawfully, fradulently and feloniously, fail and refuse, and ever since has continued unlawfully, fraudulently and feloniously, to fail and refuse to pay over and deliver to his said successor in office, the said William T. S. Manly, the said sixteen thousand eight hundred and thirty-four doilars and forty-five cents, (16,834.45), and did, then and there, on, or about the said 1st day of October, 1877, at the said county of Cass, unlawfully, feloniously and fraudulently, take, purloin, carry away, secrete, appropriate and convert to his own use, the said money of the vaiue of sixteen thousand eight hundred and thirty-four dollars and forty-five cents, and as aforesaid of the United States Currency, and of the personal property of the said county of Cass."

The second count was substantially the same as the first, except that it averred that the money which Hebel had received and failed to pay over as charged, was the property of the State of Indiana.

So much of the Statute upon which this indictment was predicated as relates to County Treasusers Enacts: That any Sheriff, Clerk of the Circuit Court, Clerk of the Court of Common Pleas, County Treasurer, * * * * who shall fraudulently fail or refuse at the expiration of the term for which he was elected, or appointed, or at any time during such term, when legally required by the proper person, or authority, to account for and pay over to such person or persons as may be lawfully entitled to receive the same, all moneys which may have come into his hands by virtue of his said office, shall be deemed guilty of felony and upon conviction thereof, upon indictment, shall be imprisoned in the state prison for any period not less than one year nor more than five years, and be fined in any sum not ex-

ceeding one thousand dollars, and rendered incapable of holding any office of trust or profit. Vol. 2 R S. 1876, 450.

Under this Statute, and in a case like the one in hearing, the indictment in addition to other averments must in some form charge that at the expiration of the officer's term there remained in his hands, either actually or constructively, a sum of money which had been received by him by virtue of his office and that upon a proper demand, after his term had expired, he had fraudulently failed or refused to account for and pay over said sum of money to his successor in office.

Under the constitution and laws of this State two persons cannot have a valid claim to the same office at the same time, and as a necessary consequence one term must cease before another can begin in the same office.

Seemingly recognizing this principle the Statute set out as above does not require any officer named in it to account to his successor until the expiration of his term.

This being the case, the indictment before us should have directly averred in some way that Hebel's term of office had expired when the money in his hands was demanded by Manly.

Upon a trial, proof that Hebel's term had expired would have been necessary to a conviction, and it is an elementary principle in criminal pleadings that what is required to be proven upon the trial must be first charged in the indictment.

But it is insisted that the averment that Manly had been elected County Treasurer of Cass County in October, 1876, and that after being commissioned and qualified he entered and took possession of his office and then and there demanded the money of Hebel, constituted the equivalent of an allegation that Hebel's term had expired, and that Manly's had begun, when the demand was made.

We are unable however to give those averments the construction insisted upon.

For aught that was shown by these averments, Manly may have prematurely entered and taken possesson of the office to which he had been elected, and in such an event, Hebel was justified in refusing to pay over the money in his hands to Manly.

The indictment evidently contained nothing amounting either to an absolute or a constructive averment, that Hebel's term was out when Manly demanded the money of him as charged.

See forms in Moore's Criminal Practice 730, sec. 677, and in Reinhard's Criminal Law 91.

We are therefore of the opinion, that the indictment in this case was fatally defective, and that the motion to quash it was correctly sustained.

As the judgment must at all events be affirmed, we need not consider other objections urged to the indictment.

The judgment is affirmed.